## CHARLES GRAVES v. T. D. COLLINS & SON.

**Mechanics' Liens—Attaching of Liens.**

Mechanics and material men are allowed liens upon the buildings erected by them, or out of their materials and upon the estate of the debtor in the land upon which the building stands, but the mere promise by the purchaser that he will use the material in the construction of a building does not give to the material-man a lien on such land.

**Attaching of Liens.**

The lien of a mechanic or material-man attaches to the building and land upon which it stands when the labor is performed and the material is used in the construction.

APPEAL FROM MARION CIRCUIT COURT.

April 6, 1876.

OPINION BY JUDGE LINDSAY:

Mechanics and material-men are allowed by statute a lien upon the buildings erected by them or out of their material, and upon the estate of the debtor in the land upon which the building stands, upon the idea that their labor or property has conduced to better its condition or to enhance its value.

The mere promise upon the part of the purchaser that he will use the material in the construction of a building, does not give to the material-man a lien upon the land upon which he agrees to erect it. In this case, except to the extent of five or six dollars worth of lumber, put into a hen house, no portion of the lumber sold by appellee

to Graves was used in improving or bettering the condition of the realty against which the lien is asserted.

It was, therefore, error to subject said realty to the payment of the whole of appellees' claim. Judgment *reversed* so far as it enforces the asserted lien, and cause remanded for a judgment conformable to this opinion.

*J. D. Belden, for appellant.    Russell & Averitt, for appellees.*